■ In the Matter of DONALD JONES, Appellant, v HAROLD J. SMITH, as Superintendent of Attica Correctional Facility, Respondent.—Judgment unanimously modified, on the law, by annulling the December 20, 1983 determination and expunging the disposition therein, and, as modified, affirmed. Memorandum: Petitioner appeals from a judgment dismissing his CPLR article 78 proceeding in which he sought review of three separate disciplinary hearings conducted on December 10, 1983, December 20, 1983 and January 29, 1984 at the Attica Correctional Facility. In all three hearings the petitioner was accused of violating the State-wide rules for inmate behavior based upon his refusal to stand and be counted.

At the December 20th hearing, the petitioner sought to have a physician testify in his behalf concerning his spinal ailment to show justification for his refusal to comply with the rules. The hearing officer taped the interview with the doctor, but did not have the doctor testify in the presence of the inmate. The regulations provide that a witness shall be allowed to testify at the hearing, in the presence of the inmate, unless the hearing officer determines that by so doing, it will jeopardize institutional safety or correctional goals (see, 7 NYCRR 254.5 [b]). Here the hearing officer failed to make any such determination and thus did not comply with this regulation (Matter of Garcia v LeFevre, 64 NY2d 1001; see, People ex rel. Bradley v Smith, 115 AD2d 225). Accordingly, the determination at this hearing must be annulled.

Petitioner may not question the January 29th hearing because of his knowing and willful refusal to attend that hearing (see, Matter of Payne v Smith, 97 AD2d 960). We have examined petitioner's remaining issues and find them to be without merit. (Appeal from judgment of Supreme Court, Wyoming County, Newman, J.—art 78.) Present—Callahan, J. P., Doerr, Green, O'Donnell and Pine, JJ.