■ In the Matter of THOMAS WILLIAMS, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [849 NYS2d 733]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered March 14, 2007 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

Petitioner, an inmate, pleaded guilty during a tier III disciplinary hearing to violating the prison disciplinary rule prohibiting fighting. Upon his subsequent administrative appeal, the determination of guilt against petitioner was affirmed. Petitioner then commenced this CPLR article 78 proceeding, essentially alleging that the Hearing Officer improperly granted a hearing extension and that the hearing was untimely. Supreme Court disagreed and dismissed the petition. Petitioner now appeals.

We affirm. Upon our review of the record, we are unpersuaded

by petitioner's contention that the hearing was not commenced in a timely fashion. On June 1, 2006, the misbehavior report was issued and petitioner was confined pending a hearing. A request for an extension of time in which to conduct the hearing was granted on June 7, 2006 and the hearing thereafter commenced on June 8, 2006. Noting that the day on which the misbehavior report was written is to be excluded from the computation of days (*see Matter of Barnes v Goord*, 20 AD3d 615, 616 [2005]), the hearing was appropriately commenced within the requisite seven-day period (*see* 7 NYCRR 251-5.1 [a]).

Finally, inasmuch as petitioner argues for the first time on this appeal that the determination of guilt was not supported by substantial evidence, his claim is unpreserved for our review (*see Matter of Woodward v Selsky*, 43 AD3d 1209, 1209 [2007]). In any event, having pleaded guilty to the charge, petitioner is precluded from making such a challenge (*see Matter of Cody v Goord*, 17 AD3d 943, 944 [2005]).

Cardona, P.J., Mercure, Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.