■ In the Matter of MICHAEL A. ROSS, Petitioner, v NORMAN R. BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [907 NYS2d 520]—

Egan Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged in a misbehavior report with stalking, threatening an employee and harassment after he allegedly wrote a sexually explicit letter to a female counselor. Petitioner was found guilty of all charges following a tier III disciplinary hearing; however, that determination was reversed on administrative appeal. Accordingly, all references to that determination were expunged and a rehearing was ordered.

At the rehearing, petitioner testified and then requested that five inmate witnesses be called to testify. When asked by the Hearing Officer what questions he wished to pose to these witnesses, petitioner complied as to one witness but declined to do so with respect to the other four. After several additional requests to reveal his line of questioning were rebuffed by petitioner, the Hearing Officer then closed the proof and advised petitioner that a determination would be forthcoming. Later that day, outside of the presence of petitioner, the Hearing Officer reopened the hearing by attempting to contact the one inmate as to whom petitioner had stated his line of inquiry, but the Hearing Officer was informed by a correction officer that this witness refused to testify on behalf of petitioner. Two days later, the Hearing Officer reconvened the hearing and informed petitioner that this witness had refused to testify and again closed the evidence phase of the hearing. Five days later, the Hearing Officer, out of the presence of petitioner, reopened the hearing again and attempted to take the testimony of three other witnesses that petitioner had requested. The Hearing Officer was advised by a correction officer that two of the inmates refused to testify; the third inmate testified that he had no recollection of the incident. Two days later, the Hearing Officer reconvened the hearing, out of the presence of petitioner, and took the testimony of the fifth inmate who testified that he did recall the incident and gave a brief account. The Hearing Officer then returned petitioner to the hearing room and permitted him to hear a recording of the correction officer and the two witnesses who had testified. Following the rehearing, petitioner

was again found guilty of all charges and the determination was affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding.

An inmate has a conditional right to call witnesses on his or her behalf and to be present during their testimony (*see* 7 NYCRR 254.5; *Matter of Garcia v LeFevre*, 64 NY2d 1001, 1002-1003 [1985]). Here, the witnesses that testified had been sought by petitioner. While petitioner's refusal to specify what questions he wished to pose to these witnesses justified the Hearing Officer's initial decision to conclude the hearing at that juncture, the Hearing Officer's reconsideration of this decision and subsequent reopening of the hearing to take the additional testimony of the five inmates that petitioner had requested in the first place reinvoked petitioner's right to be present. Because the record evinces no ground that would justify petitioner's exclusion (*see* 7 NYCRR 254.5 [b]), the determination must be annulled (*see Matter of Alvarez v Goord*, 30 AD3d 118, 120-121 [2006]; *Matter of Graham v New York State Dept. of Correctional Servs.*, 178 AD2d 870 [1991], *lv denied* 79 NY2d 756 [1992]).

Cardona, P.J., Peters, Lahtinen and Stein, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted, and the Commissioner of Correctional Services is directed to expunge all references to this matter from petitioner's institutional record.