■ In the Matter of REMUS SMITH, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [915 NYS2d 184]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner and 33 other inmates—all residents of the same cell block—failed to line up in the prison yard after being directed to do so approximately six times over the public address system. Petitioner was then served with a misbehavior report charging him with refusing a direct order, being out of place, refusing staff direction and participating in an organized stoppage. Following a tier III disciplinary hearing, he was found guilty of all charges. When that determination was upheld on administrative appeal, petitioner commenced this CPLR article 78 proceeding.

The misbehavior report and the testimony of the correction officer who authored it provide substantial evidence to support the determination of guilt (*see Matter of Morusma v Fischer*, 74 AD3d 1675, 1675 [2010]; *Matter of Hernandez v Bezio*, 73 AD3d 1406, 1407 [2010]). Contrary to petitioner's contention, the misbehavior report was sufficiently detailed to apprise him of the charges against him and give him the opportunity to prepare a defense (*see Matter of Perretti v Fischer*, 58 AD3d 999, 1000-1001 [2009], *lv denied* 12 NY3d 709 [2009]; *Matter of Saunders v Goord*, 49 AD3d 1000, 1000 [2008]). During the hearing, the correction officer who authored the misbehavior report testified that, when he responded to the yard area, the public address system was working, inasmuch as he was able to hear the orders directing all C-3 and C-6 Company inmates in the yard to line up. Further, the testimony that none of the 34 inmates in the yard from those companies lined up when directed to do so was circumstantial evidence that the stoppage was a coordinated, organized act (*see Matter of Houston v Fischer*, 69 AD3d 1086, 1086-1087 [2010]; *Matter of Johnson v Goord*, 40 AD3d 1335, 1336 [2007]; *Matter of Carter v Goord*, 8 AD3d 771, 772 [2004]).

Additionally, we find that the Hearing Officer did not improperly deny petitioner the right to question his witnesses about past problems with the public address system, inasmuch as it bore no relevance to whether the system was operational on the day of the incident (*see Matter of Gimenez v Artus*, 63 AD3d 1461, 1462 [2009]; *Matter of Covington v Smith*, 63 AD3d 1453, 1454 [2009], *lv denied* 13 NY3d 709 [2009]).

We have examined petitioner's remaining contentions and find them to be either unpreserved or without merit.

Mercure, J.P., Rose, Lahtinen, Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.