In the Matter of VERNON JACKSON, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [928 NYS2d 613]—

Petitioner entered the office of the inmate grievance program supervisor and, when she asked him who he was, he told her his name, identified himself as a porter and extended his hand in a gesture to shake her hand. When the supervisor extended her hand, petitioner bowed his head and kissed the top of it. The supervisor responded by sternly telling him never to do something like that again. Petitioner continued to talk to her and attempted to close the office door whereupon she repeatedly instructed him to leave it open. Finally, after informing petitioner that she would activate her personal alarm if he did not stop trying to close the door, he left her office. As a result of this incident, petitioner was charged in a misbehavior report with being out of place, refusing a direct order, making threats, interfering with an employee, engaging in forcible touching, lying and stalking. Following a tier III disciplinary hearing, he was found guilty of all charges except for interfering with an employee. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition, resulting in this appeal.

Initially, we find no merit to petitioner's claim that he was denied adequate employee assistance. Although petitioner initially waived his right to select an assistant on the basis that the individuals on the list were involved in the investigation of the incident, the Hearing Officer provided petitioner with a new list from which petitioner selected an assistant and then adjourned the hearing to give the assistant an opportunity to respond to petitioner's requests. Contrary to petitioner's claim, the record reveals that the assistant interviewed all four inmates who petitioner requested as witnesses and that three refused to testify. Moreover, while the assistant did not provide petitioner with a memorandum prepared in connection with the investigation, the Hearing Officer read the memorandum into the record and had the officer who prepared it testify at the hearing. Thus, any of the assistant's inadequacies were remedied by the Hearing Officer and petitioner has failed to demonstrate that he was

prejudiced thereby (*see Matter of Rivera v Goord*, 38 AD3d 964, 964 [2007]; *Matter of Harris v Selsky*, 28 AD3d 982, 983 [2006]).

Likewise, petitioner's claim that he was improperly denied his right to call witnesses is unpersuasive. Petitioner wanted inmates who worked in the inmate grievance resolution committee office to testify on his behalf. Three inmates who petitioner requested told his assistant that they would not testify, and the reason two of them refused is explained by the investigatory memorandum indicating that they did not have personal knowledge of the incident. Notably, it does not appear from the record that the third inmate who refused even worked in the inmate grievance resolution committee office such as to acquire personal knowledge of the incident. The one inmate who initially agreed to testify later changed his mind and signed a refusal form explaining the reason he did not want to testify. Significantly, the Hearing Officer properly conducted a personal interview with this inmate and confirmed the legitimacy of his refusal. Under the circumstances presented here, nothing more was required (*see Matter of Hill v Selsky*, 19 AD3d 64, 66-67 [2005]).

Finally, upon reviewing the record, we find no indication that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of Hernandez v Fischer*, 79 AD3d 1544, 1546 [2010], *lv denied* 16 NY3d 710 [2011]; *Matter of Wilcox v Fischer*, 78 AD3d 1394, 1395 [2010]). Therefore, Supreme Court properly dismissed the petition.

Mercure, J.P., Rose, Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.