■ In the Matter of JASON BRISMAN, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [938 NYS2d 370]—

We confirm. Initially, we find no merit to petitioner's claim that the misbehavior report failed to comply with the particularity requirements of 7 NYCRR 251-3.1 (c) (1). The report set forth the rule violations and specific details of the incident, including the information related by the confidential informant, such as to adequately apprise petitioner of the charges against him and enable him to prepare a defense (*see Matter of Mance v Prack*, 89 AD3d 1363 [2011]; *Matter of Smith v Fischer*, 79 AD3d 1491, 1491 [2010], *lv denied* 18 NY3d 802 [2011]). Moreover, the detailed misbehavior report and related documentation, together with the testimony adduced at the hearing and the confidential information considered by the Hearing Officer in camera, provide substantial evidence supporting the determination of guilt (*see Matter of Gonzalez v Prack*, 62 AD3d 1220, 1220 [2009], *lv denied* 13 NY3d 711 [2009]; *Matter of Key v Goord*, 19 AD3d 849 [2005]). Contrary to petitioner's claim, the Hearing Officer conducted a sufficient inquiry to ascertain the credibility and reliability of the confidential informant through a personal interview with this individual (*see Matter of Estevez v Fischer*, 63 AD3d 1402, 1403 [2009]; *Matter of Nova v Selsky*, 54 AD3d 453, 454 [2008]). Petitioner's testimony that he was not involved in the altercation but slipped on blood already in the corridor causing him to fall and injure his hand presented a credibility issue for the Hearing Officer to resolve (*see Matter of Jenkins v Fischer*, 78 AD3d 1385, 1386 [2010]; *Matter of Hernandez v Bezio*, 73 AD3d 1406, 1407 [2010]). His remaining contentions are either unpreserved for our review or are lacking in merit.

Peters, J.P., Rose, Spain, Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.