■ In the Matter of MARCUS MUNGO, Petitioner, v DIRECTOR OF SPECIAL HOUSING AND INMATE DISCIPLINARY PROGRAMS, Respondent. [940 NYS2d 696]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was being escorted to the bathroom area to provide a urine specimen for urinalysis testing when he punched an officer with a closed fist. During the ensuing physical altercation, petitioner continued to throw punches and was given several orders to cease such conduct, which he ignored. Other officers responded and petitioner was eventually placed in mechanical restraints. He was thereafter charged in a misbehavior report with, among other things, assaulting staff, engaging in violent conduct, refusing a direct order and failing to comply with urinalysis testing procedures. He was found guilty of the charges at the conclusion of a tier III disciplinary hearing and the determination was affirmed on administrative appeal with a modified penalty. This CPLR article 78 proceeding ensued.

We confirm. Substantial evidence, consisting of the misbehavior report, related documentation and hearing testimony, supports the determination of guilt (see *Matter of Malik v Bezio*, 76

AD3d 1128, 1128 [2010]; *Matter of Martinez v Selsky*, 53 AD3d 989 [2008]). Petitioner's denial of wrongdoing and claim that he was assaulted by officers presented credibility issues for the Hearing Officer to resolve (*see Matter of Cruz v Fischer*, 57 AD3d 1055 [2008]; *Matter of Jenkins v Selsky*, 51 AD3d 1239, 1240 [2008]). His remaining contentions have not been preserved for our review due to his failure to raise them either at the hearing or in his administrative appeal.

Mercure, A.P.J., Spain, Malone Jr., Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.