■ In the Matter of JUAN MONTILLA, Petitioner, v ALBERT PRACK, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [943 NYS2d 922]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

As a result of his failure to provide a urine sample for testing, petitioner was charged in a misbehavior report with failing to comply with urinalysis testing procedures and refusing a direct order. Following a tier III disciplinary hearing, he was found guilty of the charges. The determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

We confirm. Petitioner arguably pleaded guilty to the charges at issue, thereby precluding him from challenging the sufficiency of the evidence supporting the determination of guilt (*see Matter of Lineberger v Bezio*, 89 AD3d 1293, 1294 [2011], *appeal dismissed* 19 NY3d 847 [2012]; *Matter of King v Fischer*, 62 AD3d 1194, 1195 [2009]). However, even in the absence of such plea, the determination of guilt was supported by substantial evidence, including the inmate's admission that he did not provide a urine sample, the misbehavior report and the testimony of the nurse administrator. Moreover, petitioner's explanation for his failure to provide a urine sample presented a credibility issue for the Hearing Officer to resolve (*see Matter of Malik v Bezio*, 76 AD3d 1128, 1128 [2010]; *Matter of Reynoso v Fischer*, 73 AD3d 1315, 1316 [2010]). Therefore, we find no reason to disturb the determination of guilt.

Peters, P.J., Mercure, Spain, Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.