*767 Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.
A correction officer observed petitioner retrieve an unknown object from an unidentified cell and ordered him to put his hands on the wall, at which point petitioner assaulted the officer. Other officers responded to the physical altercation that ensued and petitioner was eventually restrained. Immediately after the incident, a razor-type weapon was found on the floor nearby. As a result, petitioner was charged in three separate misbehavior reports with several disciplinary rule violations. At the conclusion of a tier III disciplinary hearing covering all of the reports, petitioner was found guilty of possessing a weapon, refusing a frisk, two counts of assaulting staff and two counts of engaging in violent conduct. The determination was affirmed on administrative appeal, resulting in this CPLR article 78 proceeding.
We confirm. Substantial evidence, consisting of the three misbehavior reports, related documentation, and the considerable testimony adduced at the hearing, supports the determination finding petitioner guilty of the charges at issue (see Matter of Mungo v Director of Special Hous. & Inmate Disciplinary Programs, 93 AD3d 1057, 1057 [2012], appeal dismissed 19 NY3d 919 [2012]; Matter of Terrence v Fischer, 64 AD3d 1110 [2009]). Any claimed inconsistencies in the testimony presented credibility issues for the Hearing Officer to resolve (see Matter of Mungo v Director of Special Hous. & Inmate Disciplinary Programs, 93 AD3d at 1058). We find no merit to petitioner’s claim that he was improperly denied the right to have certain inmates testify at the hearing. The record discloses that all of these individuals, except for one, refused to testify. Inasmuch as the assistant explained that she spoke with the inmates who refused and they claimed to have no knowledge of the incident, the reason for their refusal is clear from the record (see Matter of Hill v Selsky, 19 AD3d 64, 67 [2005]). As for the inmate who initially agreed to testify but later changed his mind, he executed a refusal form and the Hearing Officer personally interviewed him to ascertain that his refusal was genuine (see Matter of Gonzalez v Venettozzi, 94 AD3d 1313, 1314 [2012]; Matter of Jackson v Fischer, 87 AD3d 775, 776 [2011]). Furthermore, upon reviewing the record, we find nothing to *768 indicate that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Jackson v Fischer, 87 AD3d at 776; Matter of Kalwasinski v Bezio, 80 AD3d 1068, 1069 [2011]). Petitioner’s remaining contentions are either unpreserved for our review or are lacking in merit.
Rose, J.P., Malone Jr., Stein, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.