Proceeding pursuant to CPLR article 78 (transferred to this *1171 Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
After correction officers released a group of inmates from their cells to attend breakfast, one inmate was attacked in his cell and received cuts to his lip and right palm. An investigation ensued, during which information was received from a confidential source. Petitioner, who was housed in the cell next to the victim’s cell, was implicated as the perpetrator of the attack. Petitioner was observed to have a bruised face and left eye and, when his cell was searched, a bloody sheet and shirt were discovered inside. In addition, a bloody can lid was recovered from a trash can in the vicinity of the attack. As a result, petitioner was charged in a misbehavior report with assaulting an inmate, fighting, engaging in violent conduct, creating a disturbance, being out of place, possessing a weapon and failing to promptly report an injury. He was found guilty of the charges at the conclusion of a tier III disciplinary hearing. The determination was affirmed on administrative appeal, resulting in this CPLR article 78 proceeding.
We confirm. The misbehavior report and related documentation, together with the hearing testimony and confidential testimony considered by the Hearing Officer in camera, provide substantial evidence supporting the determination of guilt (see Matter of Garner v Selsky, 47 AD3d 1167, 1168 [2008]; Matter of Sowell v Selsky, 43 AD3d 1226 [2007], lv denied 10 NY3d 703 [2008]). Notably, the Hearing Officer properly verified the reliability of the confidential testimony by questioning the correction officer who spoke to the confidential source (see Matter of White v Prack, 94 AD3d 1299 [2012]) and also by independently interviewing this individual (see Matter of Wallace v Prack, 93 AD3d 1056, 1057 [2012]). Likewise, we reject petitioner’s claim that he was denied adequate employee assistance given that the Hearing Officer cured any deficiencies by obtaining available documentation requested by petitioner and petitioner has not demonstrated that he was prejudiced (see Matter of Jackson v Fischer, 87 AD3d 775, 775-776 [2011]; Matter of Reid v Fischer, 80 AD3d 1035, 1035 [2011]). Petitioner’s remaining contentions have either not been preserved for our review or are lacking in merit.
Mercure, J.P, Spain, Kavanagh, Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.