■ In the Matter of Louis Pelaez, Petitioner, v Captain Early, as Hearing Officer, et al., Respondents. [957 NYS2d 913]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with violent conduct, fighting, failing to report an illness and providing false statements after a confidential source accused him of having attacked a fellow inmate. He pleaded guilty to failing to report an illness and, following a tier III disciplinary hearing, was found guilty of the remaining charges. The determination was affirmed in relevant part upon administrative appeal, and this CPLR article 78 proceeding ensued.

We confirm. The misbehavior report and related documents, when coupled with the hearing testimony and confidential testimony, provide substantial evidence supporting the determination of guilt (see *Matter of Acosta v Fischer*, 98 AD3d 1170, 1170 [2012]; *Matter of Brown v Fischer*, 98 AD3d 775, 775-776 [2012]). While the Hearing Officer asked the other participant in the fight questions raised by petitioner, he did so outside of petitioner's presence without recording that testimony and without providing a satisfactory explanation for his refusal to do so. However, there is no dispute as to the content of that testimony, which was immaterial because the other inmate could

not identify his attacker. Accordingly, we perceive no basis for annulment (*see* 7 NYCRR 254.5 [b]; *Matter of Frazier v Goord,* 251 AD2d 800, 801 [1998], *lv denied* 92 NY2d 813 [1998]; *Matter of Graham v New York State Dept. of Correctional Servs.,* 178 AD2d 870, 870 [1991], *lv denied* 79 NY2d 756 [1992]). Petitioner's remaining arguments, to the extent they are properly before us, have been considered and found to lack merit.

Peters, P.J., Lahtinen, Spain, Stein and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.