Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
Petitioner, a prison inmate, was charged in a misbehavior report with refusing a direct order, smuggling, an unhygienic act, and failing to comply with staff instructions regarding a urinalysis. Following a tier III disciplinary hearing, petitioner was found guilty of the charges. Upon administrative appeal, respondent affirmed, prompting this CPLR article 78 proceeding.
Respondent concedes that the determination of failing to comply with staff instructions regarding a urinalysis must be annulled (see Matter of Gittens v Goord, 249 AD2d 622, 622 [1998]). The misbehavior report, related documentation and testimony at the hearing provide substantial evidence to support the determination of guilt on the remaining charges (see id.; see also Matter of Mungo v Director of Special Hous. & Inmate Disciplinary Programs, 93 AD3d 1057, 1057-1058 [2012], appeal dismissed sub nom. Mungo v Bezio, 19 NY3d 919 [2012]; *1026 Matter of Taylor v Fischer, 87 AD3d 1256, 1256 [2011], lv denied 18 NY3d 803 [2012]), and petitioner’s exculpatory testimony presented a credibility question for the Hearing Officer to resolve (see Montilla v Prack, 95 AD3d 1580, 1581 [2012]; Matter of Billue v Goord, 28 AD3d 845, 846 [2006]). Nevertheless, inasmuch as a loss of good time was imposed, the matter must be remitted to respondent for a redetermination of the penalty.
Petitioner’s remaining claim, that his conditional right to call witnesses was violated, lacks merit. Although the Hearing Officer did not make any inquiry into an inmate witness’s refusal to testify when petitioner objected to the absence of a signed witness refusal form or explanation of the circumstances of the refusal (see Matter of Crosby v Selsky, 24 AD3d 990, 991 [2005]), petitioner failed to respond when the Hearing Officer asked how the requested inmate’s testimony was relevant, what the inmate would testify to, and whether the inmate was in the bathroom during the incident. Absent any indication that the requested testimony was relevant, annulment is not required (see Matter of Davis v Goord, 46 AD3d 955, 956 [2007], lv dismissed 10 NY3d 821 [2008]; Matter of Anderson v Morrow, 268 AD2d 638, 639 [2000]; Matter of Konigsberg v Selsky, 255 AD2d 702, 703 [1998]; see also Matter of Ross v Bezio, 75 AD3d 1027, 1029 [2010]).
Peters, P.J., Mercure, Spain, Stein and Egan Jr., JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of failing to comply with staff instructions regarding a urinalysis and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references thereto from petitioner’s institutional record and matter remitted to respondent for an administrative redetermination of the penalty on the remaining violations; and, as so modified, confirmed.