■ In the Matter of CHRIS THOMPSON JR., Petitioner, v DANIEL F. MARTUSCELLO JR., as Superintendent of Coxsackie Correctional Facility, et al., Respondents. [963 NYS2d 456]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

As the result of an investigation, correction officials obtained confidential information indicating that petitioner had cut another inmate in the center yard of Coxsackie Correctional Facility on January 5, 2011. As a result, petitioner was charged in a misbehavior report with assaulting an inmate, possessing a weapon, engaging in violent conduct and fighting. Following a tier III disciplinary hearing, he was found guilty of the charges, and the determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report and related documentation, together with the testimony adduced at the hearing and the confidential testimony considered by the Hearing Officer in camera, provide substantial evidence supporting the determination of guilt (*see Matter of Acosta v Fischer*, 98 AD3d 1170, 1171 [2012]; *Matter of Cruz v Fischer*, 94 AD3d 1296, 1297 [2012]). Contrary to petitioner's assertion, the Hearing Officer undertook an independent assessment of the credibility of the confidential informant by conducting a detailed interview with the correction officer who questioned this individual (*see Matter of Brown v Bezio*, 76 AD3d 741, 742 [2010]; *Matter of Berry v Portuondo*, 6 AD3d 848, 849 [2004]). We also find no merit to petitioner's claim that the misbehavior report failed to comply with the particularity requirements of 7 NYCRR 251-3.1 (c) inasmuch as it set forth the date and location of the attack, identified the victim and specified the disciplinary rule violations, thereby providing petitioner with adequate notice to enable him to prepare a defense (*see Matter of Brisman v Fischer*, 92 AD3d 1060, 1061 [2012], *lv denied* 20 NY3d 852 [2012]; *Matter of Hernandez v Selsky*, 9 AD3d 662, 663 [2004], *appeal dismissed, lv denied* 3 NY3d 698 [2004]). Petitioner's remaining contentions either have not been preserved for our review or are lacking in merit.

Mercure, J.P., Stein, Spain and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.