■ In the Matter of JOSE LANFRANCO, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [962 NYS2d 824]——

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was strip-frisked and a piece of glass measuring one inch by five eighths of an inch was found wrapped in masking tape hidden inside the front fly seam of petitioner's boxer shorts. As a result, he was charged in a misbehavior report with possessing a weapon. Later that day, petitioner's cell was searched and a variety of items were recovered leading to a second misbehavior report charging him with possessing an altered item and possessing contraband. A tier III disciplinary hearing was subsequently conducted on the charges contained in both reports, and petitioner was found guilty of all of the charges. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding.

Initially, respondent concedes, and we agree, that substantial evidence does not support that part of the determination finding petitioner guilty of possessing an altered item and possessing contraband as charged in the second misbehavior report (see Matter of Croskery v LaValley, 93 AD3d 1055, 1055 [2012]; Matter of DeJesus v Prack, 93 AD3d 985, 985 [2012]). We reach a different conclusion, however, with regard to that part of the determination finding petitioner guilty of possessing a weapon. The first misbehavior report and related documentation, together with the testimony of the correction officer who prepared the report after frisking petitioner, provide substantial evidence supporting the determination of guilt (see Matter of Smith v Prack, 98 AD3d 780, 781 [2012]; Matter of Alache v Fischer, 91 AD3d 1240, 1241 [2012]). Contrary to petitioner's claim, the Hearing Officer obtained a valid extension to start the hearing due to his unavailability, and the hearing was commenced in a timely manner (see 7 NYCRR 251-5.1 [a]; Matter of Cruz v Fischer, 94 AD3d 1296, 1297 [2012]; Matter of Williams v Goord, 47 AD3d 1170, 1171 [2008]). Petitioner's remaining

contentions are either unpreserved for our review or are lacking in merit. Therefore, we find no reason to disturb that part of the determination finding petitioner guilty of possessing a weapon. Nevertheless, inasmuch as a loss of good time was imposed and the remainder of the determination must be annulled, the matter must be remitted to respondent for a redetermination of the penalty (*see Matter of Linnen v Prack*, 92 AD3d 986, 987 [2012], *lv dismissed* 20 NY3d 905 [2012]; *Cooper v Fischer*, 89 AD3d 1336, 1337 [2011]).

Peters, P.J., Rose, McCarthy and Garry, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing an altered item and possessing contraband and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references thereto from petitioner's institutional record and matter remitted to respondent for an administrative redetermination of the penalty on the remaining violation; and, as so modified, confirmed.