■ In the Matter of EDDIE JANIS, Petitioner, v ALBERT PRACK, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [964 NYS2d 775]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was charged in a misbehavior report with fighting. The reporting correction officer relayed that he received information that petitioner had an altercation with another inmate two days earlier, at which time petitioner struck the other inmate twice in the arm, causing bruising. Following a tier III disciplinary hearing, petitioner was found guilty of the charge. After the determination was upheld on administrative appeal, this CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, "together with the hearing testimony and confidential testimony considered by the Hearing Officer in camera, provide substantial evidence supporting the determination of guilt" (*Matter of Acosta v Fischer*, 98 AD3d 1170, 1171 [2012]), and petitioner's denials created credibility issues for the Hearing Officer to resolve (*see Matter of Ford v Prack*, 101 AD3d 1276 [2012]). The record confirms that the Hearing Officer appropriately verified the reliability of the source of the confidential proof by, among other things, questioning, in camera, the correction officer who originally obtained the confidential information (*see Matter of White v Prack*, 94 AD3d 1299 [2012]). Further, the Hearing Officer adequately explained on the record the reason as to why the testimony of the other inmate involved in the dispute was taken outside of petitioner's presence (*see Matter of Barclay v Knowles*, 79 AD3d 1550, 1551 [2010]). Notably, petitioner submitted questions for that witness, and the tape recording of the testimony was later played in petitioner's presence (*see* 7 NYCRR 254.5 [b]). Although petitioner also takes issue with the Hearing Officer's denial of his request for the author of the misbehavior report as a witness, we note that petitioner did not object to that denial at the hearing or in his administrative appeal. In any event, any error in that refusal is harmless given that it is undisputed that this witness "was not present at the time of

the incident and, thus, had no personal knowledge of the facts" (*Matter of Joseph v Fischer*, 67 AD3d 1103, 1104 [2009]).

The remaining contentions advanced by petitioner have been examined and found to be unpersuasive.

Lahtinen, J.P., Stein, Spain and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.