■ In the Matter of ANGEL HERNANDEZ, Petitioner, v ALBERT PRACK, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [969 NYS2d 242]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate dog handler in the Puppies Behind Bars program, took possession of shards of glass and metal that were found by another inmate in the puppy yard. He put the items in a bag and brought it to his dormitory where he left it unsecured overnight. The following day, he turned the items over to the director of the program. Thereafter, petitioner was charged in a misbehavior report with possessing a weapon and making a false statement. Following a tier III disciplinary hearing, he was found guilty of the charges and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

The misbehavior report, together with the testimony presented at the hearing, including petitioner's admission to possessing the items and keeping them in his dormitory overnight contrary to required protocol, provide substantial evidence supporting the determination finding him guilty of possessing a weapon (*see Matter of Abreu v Bezio*, 71 AD3d 1341, 1341-1342 [2010], *appeal dismissed* 15 NY3d 836 [2010]; *Matter of Rizzuto v Goord*, 35 AD3d 1075, 1075 [2006]). We reach a different conclusion, however, with respect to the charge of making a false statement, as the record does not contain substantial evidence supporting the determination of guilt, which respondent concedes (*see Matter of Turner v Fischer*, 100 AD3d 1310, 1310 [2012]; *Matter of DeJesus v Prack*, 93 AD3d 985, 985 [2012]). Thus, this part of the determination must be annulled and,

because a loss of good time was imposed, the matter must be remitted for a redetermination of the penalty (*see Matter of Lanfranco v Fischer*, 105 AD3d 1235, 1236 [2013]; *Matter of Jones v Fischer*, 102 AD3d 1025, 1026 [2013]).

We find no merit to petitioner's claim that the misbehavior report failed to comply with the particularity requirements of 7 NYCRR 251-3.1 (c) because it did not include details of the role of the inmate who found the items and gave them to petitioner. This information was irrelevant to the misconduct with which petitioner was charged. In any event, we find that the misbehavior report was sufficiently detailed to apprise petitioner of the charges and enable him to prepare a defense (*see Matter of Brisman v Fischer*, 92 AD3d 1060, 1061 [2012], *lv denied* 20 NY3d 852 [2012]; *Matter of Gittens v New York State Dept. of Correctional Servs.*, 87 AD3d 1194, 1195 [2011]). We have considered petitioner's remaining contentions and, to the extent that they are properly before us, find them to be unavailing.

Stein, J.P., McCarthy, Garry and Egan Jr., JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of making a false statement and imposed a penalty; petition granted to that extent, the Commissioner of Corrections and Community Supervision is directed to expunge all references thereto from petitioner's institutional record and matter remitted for an administrative redetermination of the penalty on the remaining violation; and, as so modified, confirmed.