Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.
Petitioner, a prison inmate, was selected for random drug testing and a sample of his urine twice tested positive for cannabinoids, prompting a misbehavior report charging him with use of a controlled substance. Following a tier III disciplinary hearing, he was found guilty, and that determination was affirmed on administrative appeal. Petitioner thereafter commenced this CPLR article 78 proceeding.
We confirm. Initially, the misbehavior report, the positive test results and supporting documentation, and the testimony of the correction officer who performed the drug tests provide substantial evidence to support the determination of guilt (see Matter of Fero v Prack, 108 AD3d 1004, 1005 [2013]; Matter of Coates v Fischer, 108 AD3d 997, 997 [2013]).
Turning to petitioner’s procedural contentions, we are unconvinced that he was deprived of his right to present documentary evidence. In response to petitioner’s voluminous request for documentation, the Hearing Officer adjourned the hearing on several occasions to provide petitioner with many of the documents requested, including those required by the New York regulations as well as the testing officer’s certificate of training, the maintenance procedure guidelines, the calibration report and the control test results (see 7 NYCRR 1020.5 [a] [1]). As such, we find that the Hearing Officer did not err in finding that the balance of petitioner’s requested documents were either redundant or irrelevant to the determination (see e.g. Matter of Pujals v Fischer, 87 AD3d 767, 767 [2011]; Matter of Har *1214 rison v Fischer, 56 AD3d 917, 917-918 [2008]; Matter of Delvalle v Coughlin, 188 AD2d 812, 812 [1992]). Similarly, we find that any deficiency in petitioner’s employee assistant was cured by the Hearing Officer’s diligent efforts, and petitioner has demonstrated no prejudice (see Matter of Booker v Fischer, 102 AD3d 1045, 1046 [2013]; Matter of Acosta v Fischer, 98 AD3d 1170, 1171 [2012]). Lastly, the record demonstrates that the hearing was commenced and completed in a timely manner and the proper extensions were obtained (see Matter of Lanfranco v Fischer, 105 AD3d 1235, 1235 [2013], lv dismissed 22 NY3d 929 [2013]; Matter of McNeil v Fischer, 95 AD3d 1520, 1521 [2012]).
Petitioner’s remaining contentions have been examined and found to be either unpreserved or without merit.
Peters, PJ., Rose, Stein and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.