Following an investigation in which information was received from a confidential source, correction officials discovered that a letter intercepted in the mail room had been placed in the mail by petitioner. The letter contained gang-related materials, as well as an altered state-issued razor blade. As a result, petitioner was charged in a misbehavior report with possessing gang-related materials, altering state property and violating facility correspondence procedures. Following a tier III disciplinary hearing, petitioner was found guilty of the charges, and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
Petitioner’s sole contention is that the Hearing Officer failed to properly ascertain the credibility and reliability of the confidential source who provided the information upon which the determination was based. We find this argument to be without merit. The Hearing Officer’s in-depth in camera interview with the correction sergeant who spoke to the confidential source provided a basis for him to independently assess the credibility and reliability of the confidential information (see Matter of Vicente v New York State Dept. of Corr. & Community Supervision, 107 AD3d 1203, 1203 [2013]; Matter of Thompson v Martuscello, 105 AD3d 1218, 1219 [2013]). The sergeant’s testimony, both in camera and at the hearing, together with the misbehavior report, provide substantial evidence to support the determination of guilt (see Matter of Janis v Prack, 106 AD3d 1297, 1297 [2013], lv denied 21 NY3d 864 *978 [2013]; Matter of Smythe v Fischer, 102 AD3d 1039, 1040 [2013]). Petitioner’s contrary testimony presented a credibility issue for the Hearing Officer to resolve (see Matter of Perez v Fischer, 89 AD3d 1310, 1311 [2011]; Matter of Ramos v Selsky, 48 AD3d 863, 864 [2008]).
Peters, P.J., Lahtinen, Stein and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.