# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

422

TP 13-01827

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND WHALEN, JJ.

IN THE MATTER OF DAMIAN TRAPANI, PETITIONER,

V                                                    MEMORANDUM AND ORDER

ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK
STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT.

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (ADAM W. KOCH OF
COUNSEL), FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (PETER H. SCHIFF OF
COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------------

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Mark H. Dadd, A.J.], entered October 8, 2013) to review determinations of respondent. The determinations found after tier II and tier III hearings that petitioner had violated various inmate rules.

It is hereby ORDERED that the determination rendered February 13, 2013 is unanimously annulled on the law without costs, the petition is granted in part, respondent is directed to expunge from petitioner's institutional record all references to the violation of inmate rules 100.13 (7 NYCRR 270.2 [B] [1] [iv]), 104.11 (7 NYCRR 270.2 [B] [5] [ii]), 104.13 (7 NYCRR 270.2 [B] [5] [iv]), and 106.10 (7 NYCRR 270.2 [B] [7] [i]) and the recommended loss of good time is vacated, and the determination rendered February 6, 2013 is confirmed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul two determinations of respondent rendered after tier II and tier III hearings. We confirm the determination rendered following the tier II hearing. Contrary to petitioner's contention, the determination is supported by substantial evidence (*see generally People ex rel. Vega v Smith*, 66 NY2d 130, 139), and "the record does not establish 'that the Hearing Officer was biased or that the determination flowed from the alleged bias' " (*Matter of Colon v Fischer*, 83 AD3d 1500, 1501).

As respondent correctly concedes, however, the determination rendered following the tier III hearing must be annulled. We therefore grant the petition in part by annulling that determination, and we direct respondent to expunge from petitioner's institutional

record all references to the violation of the inmate rules therein and to vacate the recommended loss of good time. Petitioner requested the testimony of a nurse administrator and, although the Hearing Officer recorded her testimony, he did not have her testify in petitioner's presence. In the absence of any explanation as to why the testimony of that witness was taken outside of petitioner's presence (*cf. Matter of Janis v Prack*, 106 AD3d 1297, 1297, *lv denied* 21 NY3d 864), we agree with petitioner that the Hearing Officer failed to comply with 7 NYCRR 254.5 (b) (*see Matter of Jones v Smith*, 116 AD2d 993, 993).

Entered: May 2, 2014 Frances E. Cafarell
Clerk of the Court