*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 6, 2014                518809
_____

In the Matter of SCOTTIE
    MORRISON,
                    Petitioner,

        v                                  MEMORANDUM AND JUDGMENT

ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
                    Respondent.
_____

Calendar Date:  September 16, 2014

Before:  Lahtinen, J.P., Stein, Garry, Rose and Clark, JJ.

                    _____

        Scottie Morrison, Dannemora, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

                    _____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

        Petitioner was scanned with a hand scanner that activated near his waist, prompting a strip frisk to be authorized.  He attempted to retrieve an item from his waist when his wrist restraints were removed for the frisk, and correction officers were obliged to subdue him.  He was thereafter charged in a misbehavior report with attempting to assault staff and failing to comply with frisk procedures.  A sharpened piece of metal was recovered from the area soon after the incident occurred, and

petitioner was charged in a second misbehavior report with possessing a weapon.  Following a combined tier III disciplinary hearing on both reports, he was found guilty of failing to comply with frisk procedures and possessing a weapon.  The determination was affirmed upon administrative review, and this CPLR article 78 proceeding ensued.

We confirm.  Substantial evidence, in the form of the misbehavior reports, related documentation and hearing testimony, supports the determination of guilt (see Matter of Fowler v Fischer, 106 AD3d 1344, 1345 [2013], lv denied 21 NY3d 865 [2013]; Matter of Jackson v Fischer, 98 AD3d 766, 767 [2012]). Petitioner was not charged with disobeying a direct order and, contrary to his contention, no direct order to comply with established frisk procedures was necessary.  Rather, his actions in forcefully attempting to reach into his waistband and the ensuing struggle were sufficient evidence of his active resistance and failure to comply with the efforts to frisk him. His remaining claims, to the extent preserved, have been considered and found to lack merit.

Lahtinen, J.P., Stein, Garry, Rose and Clark, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.




ENTER:


Robert D. Mayberger
Clerk of the Court