■ In the Matter of MITCHELL KALWASINSKI, Petitioner, v DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [58 NYS3d 207]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with obstruct-

ing visibility into his cell, making threats, harassment and refusing a direct order. Following a tier III disciplinary hearing, petitioner was found guilty of all charges and that determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.

We agree with petitioner's contention that testimony from a witness was improperly taken outside his presence. In disciplinary hearings, an inmate has a conditional right to call witnesses on his or her behalf and "[a]ny witness shall be allowed to testify at the hearing in the presence of the inmate unless the hearing officer determines that so doing will jeopardize institutional safety or correctional goals" (7 NYCRR 254.5 [b]). The regulation promulgated by the Department of Corrections and Community Supervision requires that, prior to excluding a witness from testifying at the hearing, the Hearing Officer must "determine" that his or her presence will threaten institutional safety or correctional goals and inform the inmate of such reason (see Matter of Garcia v LeFevre, 64 NY2d 1001, 1002-1003 [1985]). Here, although petitioner conceded at the hearing that one inmate who was in the special housing unit could testify outside his presence, the Hearing Officer failed to set forth, either on the record or on the witness interview sheet, any reason for the other requested witness to testify outside petitioner's presence. Furthermore, the record does not disclose, with regard to this witness, any reason that the presence of the inmate would jeopardize institutional safety or correctional goals (see id. at 1003; Matter of Trapani v Annucci, 117 AD3d 1473, 1474 [2014]; Matter of Ross v Bezio, 75 AD3d 1027, 1029 [2010]; cf. Matter of Janis v Prack, 106 AD3d 1297, 1297 [2013], lv denied 21 NY3d 864 [2013]; Matter of McDonald v Fischer, 93 AD3d 969, 969-970 [2012]; Matter of Cintron v Goord, 280 AD2d 794, 794 [2001]). As there was no adherence to the Department's regulation, the determination must be annulled (see Matter of Garcia v LeFevre, 64 NY2d at 1003; Matter of Ross v Bezio, 75 AD3d at 1029). Furthermore, although petitioner was asked what questions he would pose to the requested witness and was permitted to hear the recorded testimony of that inmate, he repeatedly objected to the testimony of the inmate being taken outside his presence. As such, petitioner did not waive his right to receive a reason for the exclusion of that witness (see Matter of Garcia v LeFevre, 64 NY2d at 1003).

In view of the foregoing, we need not address petitioner's remaining contentions.

Peters, P.J., McCarthy, Lynch, Mulvey and Aarons, JJ.,

concur. Adjudged that the determination is annulled, without costs, petition granted, and the Commissioner of Corrections and Community Supervision is directed to expunge all references to this matter from petitioner's institutional record and to restore any loss of good time.