Matter of Pierre v Annucci (2020 NY Slip Op 01750)





Matter of Pierre v Annucci


2020 NY Slip Op 01750


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


157 CA 19-01267

[*1]IN THE MATTER OF KEION PIERRE, PETITIONER-APPELLANT,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT-RESPONDENT. 






WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (ADAM W. KOCH OF COUNSEL), FOR PETITIONER-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (MARCUS J. MASTRACCO OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Wyoming County (Michael M. Mohun, A.J.), entered February 19, 2019 in a CPLR article 78 proceeding. The judgment dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier III disciplinary hearing, that he violated various inmate rules. Supreme Court dismissed the petition and confirmed the determination. Petitioner contends that the Hearing Officer failed to comply with 7 NYCRR 254.5 (b) inasmuch as the testimony of petitioner's requested witness was taken outside his presence (see Matter of Trapani v Annucci, 117 AD3d 1473, 1474 [4th Dept 2014]; Matter of Jones v Smith, 116 AD2d 993, 993 [4th Dept 1986]; cf. Matter of Janis v Prack, 106 AD3d 1297, 1297 [3d Dept 2013], lv denied 21 NY3d 864 [2013]). This Court has no discretionary power to reach that contention because petitioner failed to raise a challenge on that ground in his administrative appeal and therefore failed to exhaust his administrative remedies with respect thereto (see Matter of Nelson v Coughlin, 188 AD2d 1071, 1071 [4th Dept 1992], appeal dismissed 81 NY2d 834 [1993]; see also Matter of Godwin v Goord, 270 AD2d 881, 881 [4th Dept 2000]). We reject petitioner's further contention that the Hearing Officer was biased and that the determination flowed from the alleged bias (see Matter of Jones v Annucci, 141 AD3d 1108, 1109 [4th Dept 2016]).
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court