Matter of McPherson v Annucci (2020 NY Slip Op 04210)





Matter of McPherson v Annucci


2020 NY Slip Op 04210


Decided on July 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 23, 2020

527727

[*1]In the Matter of Franklin McPherson, Appellant,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: June 26, 2020

Before: Mulvey, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Franklin McPherson, Fallsburg, appellant pro se.
Letitia James, Attorney General, Albany (Jennifer L. Clark of counsel), for respondent.



Appeal from a judgment of the Supreme Court (Koweek, J.), entered September 26, 2018 in Albany County, which, in a proceeding pursuant to CPLR article 78, upon reargument, adhered to its prior decision granting respondent's motion to dismiss the petition.
During a search of petitioner's cell, a correction officer found two balloons filled with a green leafy substance that tested positive for marihuana secreted inside a coffee container. He was charged in a misbehavior report with smuggling and possessing drugs. He entered a plea of guilty at the tier III disciplinary hearing that followed and a determination was rendered finding him guilty of both charges. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging it. Respondent moved to dismiss, claiming, among other things, that the proceeding was moot because petitioner pleaded guilty to the charges. Supreme Court granted respondent's motion to dismiss on this basis, and petitioner made a pro se motion for reargument. Supreme Court granted the motion, but adhered to its prior decision dismissing the petition. Petitioner appeals.
We reverse. Although petitioner's guilty plea precludes him from challenging the sufficiency of the evidence supporting the determination of guilt (see Matter of Kelly v Rodriguez, 166 AD3d 1190, 1191 [2018]; Matter of Burch v Venettozzi, 160 AD3d 1328, 1328 [2018]), the remaining issues that petitioner raised in his petition were properly before Supreme Court (see e.g. Matter of Williams v Goord, 47 AD3d 1170 [2008]). Therefore, Supreme Court erred in granting respondent's motion to dismiss the petition.
Mulvey, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is reversed, on the law, without costs, motion denied, and matter remitted to the Supreme Court to permit respondent to serve an answer within 20 days of this Court's decision.