■ In the Matter of ANTHONY AMAKER, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [840 NYS2d 239]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner challenges a determination finding him guilty of fighting, violent conduct, assault on staff, refusing a direct order and interfering with an employee, all violations of prison disciplinary rules. We confirm. The misbehavior report with a factually specific account of the incident written by a witnessing correction officer and the detailed unusual incident and use of force reports provide substantial evidence supporting the determination of guilt (*see Matter of Foster v Coughlin*, 76 NY2d 964, 966 [1990]; *Matter of Goncalves v Donnelly*, 9 AD3d 721 [2004]). Petitioner's exculpatory statements as to the nature of the events and the testimony of his inmate witnesses presented a credibility issue for the Hearing Officer to resolve (*see Matter of Miller v New York State Dept. of Correctional Servs.*, 295 AD2d 714, 714-715 [2002]).

Petitioner's procedural objections are unpersuasive. The record demonstrates that the hearing was conducted in a fair and impartial manner and the determination did not flow from any bias on the part of the Hearing Officer (*see Matter of Cayenne v Goord*, 16 AD3d 782, 783-784 [2005]). The Hearing Officer remedied any alleged defect in the prehearing assistance by ensuring that petitioner was offered all documentation which he requested, ensured that petitioner's many objections were addressed, exercised considerable patience in allowing petitioner to develop the record (*see Matter of Tumminia v Goord*, 294 AD2d 727, 728 [2002], *lv denied* 99 NY2d 502 [2002]) and provided petitioner with a full and fair opportunity to defend himself (*see Matter of Barnhill v Coombe*, 239 AD2d 719, 721

[1997]). The employee assistant testified to the help given petitioner in the preparation of his defense, establishing that the assistance rendered was meaningful. Petitioner has failed to demonstrate that any inadequacy prejudiced his defense (*see Matter of Salaam v Goord*, 8 AD3d 776, 777 [2004]; *Matter of Blackwell v Goord*, 5 AD3d 883, 885 [2004], *lv denied* 2 NY3d 708 [2004]). There is no merit to petitioner's claim that he was improperly denied the right to call witnesses as he affirmatively advised the Hearing Officer that he did not wish to call further witnesses (*see Matter of Johnson v Goord*, 33 AD3d 1173 [2006]). Petitioner's remaining contentions have been reviewed and determined to be without merit.

Cardona, P.J., Crew III, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.