■ In the Matter of GREGORY LOVE, Petitioner, v ALBERT PRACK, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [932 NYS2d 595]—

Petitioner was charged in a misbehavior report with the sale of a controlled substance and fighting when a fellow inmate

informed a correction officer that he had purchased marihuana from petitioner and, failing to pay, was punched in the face. Following a tier III disciplinary hearing, petitioner was found not guilty of fighting and guilty of the sale of a controlled substance. After an administrative affirmance, petitioner commenced a CPLR article 78 proceeding and Supreme Court (Devine, J.), based on the fact that a transcript of the hearing was unavailable, remitted the matter for a rehearing. Following the rehearing, petitioner was found guilty of both charges. When that determination was upheld on administrative appeal, petitioner commenced the instant CPLR article 78 proceeding.

We confirm. The misbehavior report, hearing testimony and confidential information reviewed by the Hearing Officer provide substantial evidence to support the determination of guilt (*see Matter of Boggs v Martuscello*, 84 AD3d 1667, 1668 [2011]; *Matter of Rivera v Artus*, 82 AD3d 1431 [2011]). Petitioner's contention that he was denied the right to submit documentary evidence is belied by the record, which shows that the Hearing Officer accepted such evidence and indicated that it would be considered. Petitioner's claims that the Hearing Officer failed to sufficiently investigate the alleged victim's refusal to testify and failed to articulate how disclosure of the confidential testimony would jeopardize institutional safety are unpreserved for our review due to petitioner's failure to object during the hearing, where any alleged errors could have been addressed (*see Matter of Evans v Bezio*, 84 AD3d 1622, 1623 [2011]; *Matter of Brown v Venettozzi*, 79 AD3d 1510, 1511 [2010]). Finally, contrary to petitioner's contention, remittal for a rehearing was the appropriate remedy to address the loss of the transcript from his first hearing and equity did not demand expungement inasmuch as petitioner was afforded a meaningful rehearing (*see Matter of Baez v Bezio*, 77 AD3d 745, 746 [2010], *lv dismissed* 16 NY3d 752 [2011]; *Matter of Huston v Bezio*, 69 AD3d 1259, 1260-1261 [2010]; *compare Matter of Allah v LeFevre*, 132 AD2d 293, 295 [1987]).

We have examined petitioner's remaining contentions and find them to be either unpreserved or without merit.

Mercure, J.P., Peters, Lahtinen, Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.