■ In the Matter of ABBAS KALONJI, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [957 NYS2d 920]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was placed on keeplock status pending an investigation into a writing he transmitted to a professor working in the facility. At the conclusion of the investigation, petitioner was charged in a misbehavior report with violating prison disciplinary rules concerning facility correspondence procedures, harassment of employees and smuggling. Following a tier III disciplinary hearing, petitioner was found guilty of violating facility correspondence procedures and harassment of an employee. Upon administrative appeal, respondent modified the determination by reducing the penalty

imposed and otherwise affirmed. Petitioner then commenced this CPLR article 78 proceeding.

The misbehavior report, the testimony of the authoring correction officer and petitioner's admissions that he composed the writings in question and transmitted them to the professor provide substantial evidence supporting the determination of guilt (*see Matter of Messiah v New York State Dept. of Correctional Servs.*, 52 AD3d 1133, 1133 [2008]; *Matter of Greci v Selsky*, 8 AD3d 725, 725 [2004]). Petitioner's testimony that he inadvertently sent one of the writings to the professor presented a credibility issue for the Hearing Officer to resolve (*see Matter of Burgess v Goord*, 294 AD2d 746, 746 [2002]). We also disagree with petitioner's contention that he was improperly placed on keeplock status during the investigation period. Petitioner's confinement was based upon a concern for the safety and security of the professor and her husband, who also worked in the facility (*see Matter of Pettus v West*, 28 AD3d 907, 908 [2006]). Petitioner's remaining contentions are either unpreserved or have been considered and found to be without merit.

Mercure, J.P., Lahtinen, Stein, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.