■ In the Matter of COY HUGGINS, Petitioner, v CAPTAIN NOETH, as Hearing Officer, et al., Respondents. [965 NYS2d 667]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was charged in a misbehavior report with possessing a weapon after a sharpened screwdriver was found under his mattress during a cell search. Following a tier III disciplinary hearing, petitioner was found guilty of the charge. He commenced this CPLR article 78 proceeding after the determination was affirmed upon administrative appeal.

As an initial matter, to the extent that petitioner argues in his petition that the determination was not supported by substantial evidence, he has abandoned that issue by failing to advance it in his brief (*see Matter of Martinez v Fischer*, 82 AD3d 1380, 1380 n [2011]). Petitioner's procedural objections are uniformly unpersuasive. The disciplinary hearing was conducted in a fair and impartial manner and, contrary to petitioner's contention, the record is devoid of evidence that the determination flowed from any bias by the Hearing Officer (*see Matter of Amaker v Selsky*, 43 AD3d 547, 547 [2007], *lv denied* 9 NY3d 814 [2007]). The Hearing Officer gave petitioner considerable latitude in advancing his objections and remedied any defects in the prehearing assistance provided to him (*see Matter of White v State of New York*, 102 AD3d 1042, 1042-1043 [2013]; *Matter of Amaker v Selsky*, 43 AD3d at 547). Furthermore, the Hearing Officer properly refused petitioner's request to call witnesses who lacked pertinent information regarding either the incident in question or the purported harassment of petitioner by prison officials (*see Matter of Hughes v Bezio*, 84 AD3d 1598, 1598 [2011]; *Matter of Fletcher v Selsky*, 199 AD2d 865, 866 [1993], *lv denied* 83 NY2d 753 [1994]). Nor can we say that the Hearing Officer abused his discretion in removing petitioner from the hearing after being warned repeatedly to cease his disruptive conduct (*see Matter of Blocker v Hetrick*, 100 AD3d 1302, 1303 [2012]; *Matter of Bunting v Fischer*, 85 AD3d 1473, 1474 [2011], *lv denied* 17 NY3d 712 [2011]).

Petitioner's remaining claims, to the extent they are properly before us, have been considered and found to lack merit.

Peters, P.J., Stein, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.