Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
Following an investigation into an ongoing boycott of the Inmate Liaison Program at Eastern Correctional Facility, petitioner, an inmate, was charged with violating prison disciplinary rules prohibiting threats of violence, organizing activity detrimental to the order of the facility and disorderly conduct. A tier III disciplinary hearing was conducted, and petitioner was found guilty of violent conduct and participating in actions detrimental to the order of the facility and not guilty of disorderly conduct. A penalty, which included 36 months in the special housing unit and a corresponding loss of good time, was imposed. The determination of guilt was upheld upon *974 administrative review, and petitioner thereafter commenced this proceeding pursuant to CPLR article 78.*
Initially, we reject petitioner’s claim that the misbehavior report did not provide him with adequate notice of the charges. Inasmuch as the charges were the result of an ongoing investigation and involved petitioner’s contact with numerous and diverse members of the facility population, we find no error in the omission of specific dates, times and locations of petitioner’s conduct (see Matter of Shabazz v Goord, 309 AD2d 999, 999 [2003]). Based upon our review of the record, we find that the charge of organizing activity detrimental to the order of the facility is supported by substantial evidence, including the misbehavior report, hearing testimony and confidential evidence indicating that petitioner was instrumental in organizing a boycott of a facility program (see Matter of Brooks v Fischer, 92 AD3d 987, 988 [2012]; Matter of Pisano v Fischer, 87 AD3d 1247, 1248 [2011]). However, respondent concedes, and we agree, that the charge pertaining to making threats of violence cannot be sustained based upon the record before us. Accordingly, the determination must be annulled to that extent and the matter remitted to respondent for a redetermination of the penalty (see Matter of Jones v Fischer, 102 AD3d 1025, 1026 [2013]).
Rose, J.P., Stein, Garry and Egan Jr., JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of making threats of violence and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references thereto from petitioner’s institutional record and matter remitted to respondent for an administrative redetermination of the penalty on the remaining violation; and, as so modified, confirmed.

 During the pendency of this proceeding, discretionary review resulted in a reduction of the penalty to nine months and six days in the special housing unit and 12 months of loss of good time.