■ In the Matter of STEPHEN HINES, Appellant, v ALBERT PRACK, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [972 NYS2d 339]—

Appeal from a judgment of the Supreme Court (Breslin, J.), entered August 3, 2012 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

Following a tier III prison disciplinary hearing, petitioner was found guilty of refusing a direct order and violating movement regulations. The determination was affirmed on administrative appeal and petitioner thereafter commenced this CPLR article 78 proceeding. Supreme Court dismissed petitioner's application and this appeal ensued.

Initially, petitioner argues that he was improperly denied the opportunity to present his procedural objections to the Hearing Officer. Review of the record confirms that petitioner was provided with sufficient opportunity to raise his procedural objections and the Hearing Officer adequately addressed the concerns raised by petitioner (*see Matter of Huggins v Noeth*, 106 AD3d 1351, 1352 [2013]). To the extent that petitioner alleges bias on the part of the Hearing Officer, we note that this claim is not supported by the record, which reflects that petitioner was afforded a fair and impartial hearing and that the determination was based upon the evidence (*see Matter of Jackson v Prack*, 84 AD3d 1660, 1661 [2011]; *Matter of Amaker v Selsky*, 43 AD3d 547, 547 [2007], *lv denied* 9 NY3d 814 [2007]). Finally, petitioner's argument that he was denied the right to call witnesses is also unpersuasive. The four witnesses who were denied were not present during the incident that gave rise to the misbehavior report and, therefore, could not provide relevant testimony (*see Matter of Tafari v Fischer*, 98 AD3d 763, 763 [2012], *lv denied* 19 NY3d 816 [2012]; *Matter of Thompson v Votraw*, 65 AD3d 1403, 1404 [2009]).

Peters, P.J., Rose, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.