■ In the Matter of LEWIS WILLIAMS, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [974 NYS2d 304]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged with multiple disciplinary infractions after it was alleged that he and fellow inmates held down and slashed the face of a rival gang member in retaliation for petitioner having been assaulted a week earlier. Following a tier III disciplinary hearing, petitioner was found guilty of violent conduct, creating a disturbance, assault, possession of a weapon and gang activity. That determination was affirmed on administrative appeal and petitioner thereafter commenced this CPLR article 78 proceeding.

We confirm. The detailed misbehavior report, documentation and testimony of the investigating officer, both at the hearing and confidentially, provide substantial evidence to support the finding of guilt (see Matter of Torres v Fischer, 106 AD3d 1342, 1343 [2013]; Matter of Janis v Prack, 106 AD3d 1297, 1297 [2013], lv denied 21 NY3d 864 [2013]). Contrary to petitioner's contention, the detailed nature of the confidential information itself, as testified to by the investigating officer, permitted the Hearing Officer an ample basis to assess its reliability (see Matter of Flanders v Fischer, 105 AD3d 1238, 1239 [2013]; Matter of McCain v Fischer, 104 AD3d 1009, 1010 [2013]). Finally, the record demonstrates that the determination of guilt resulted from the evidence presented, rather than any alleged hearing officer bias (see Matter of Colon v Fischer, 98 AD3d 1176, 1177 [2012], lv denied 20 NY3d 857 [2013]; Matter of Rodriguez v Fischer, 96 AD3d 1333, 1333 [2012]).

We have examined petitioner's remaining contentions and find them to be unpreserved or without merit.

Rose, J.P., Lahtinen, McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.