Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
After allegedly fomenting a boycott of the nominating and voting process for the inmate liaison committee, petitioner was charged in a misbehavior report with violating rules 100.15 (disorderly conduct), 102.10 (making threats), 104.11 (conduct involving the threat of violence), and 104.12 (leading, organizing, participating or urging others in a work stoppage) (7 NYCRR 270.2 [B] [1] [vi]; [3] [i]; [5] [ii], [iii]). He was found guilty of all of the charges except disorderly conduct following a tier III disciplinary hearing and, on administrative appeal, the determination was upheld with a reduction in the penalty assessed. This CPLR article 78 proceeding ensued.
Initially, we find that, contrary to petitioner’s contention, the misbehavior report contained sufficient information to apprise petitioner of the charges against him and enable him to prepare a defense (see Matter of Meachem v Fischer, 108 AD3d 973, 974 [2013]; Matter of Hayward v Fischer, 101 AD3d 1308, 1309 [2012]). We also find that the misbehavior report, testimony from the deputy superintendent who conducted the investigation and authored the report, and the confidential information in the record provide substantial evidence to support the determination of guilt as to the violation of rule 104.12 (7 NYCRR 270.2 [B] [5] [iii]).
However, there is merit in petitioner’s assertion that substantial evidence did not support the charges based on threats. These charges arose out of the same conduct and involved essentially the same proof at the hearing as we found insufficient in Matter of Rosa v Fischer (112 AD3d 1009 [2013] [decided herewith]). As in Rosa, there was no direct proof in the record of threats by petitioner and the hearsay evidence in the confidential record was not “sufficiently detailed to allow the Hearing Officer to make an independent assessment to determine its reliability and credibility” (Matter of Torres v Fischer, 101 AD3d 1281, 1282 [2012]; see Matter of Carrasquillo v Rabsatt, 109 AD3d *1018 1036, 1037 [2013]). The remaining arguments are without merit.
Lahtinen, J.E, Stein, Spain and Egan Jr., JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of making threats and conduct involving the threat of violence and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references thereto from petitioner’s institutional record and matter remitted to respondent for an administrative redetermination of the penalty on the remaining violation; and, as so modified, confirmed.