Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
As the result of an investigation into the alleged boycott of the nominating and elections process for the Inmate Liaison Committee at Eastern Correctional Facility, petitioner, a prison inmate, was charged in a misbehavior report with disorderly conduct, making threats of violence and organizational activity detrimental to the order of the facility. Following a tier III disciplinary hearing, petitioner was found guilty of the latter two charges. That determination was upheld on administrative appeal and, subsequently, the penalty was reduced. Petitioner then commenced this CPLR article 78 proceeding.
Initially, we disagree with petitioner’s contention that the misbehavior report failed to provide him with sufficient notice of the charges against him because it omitted specific times, dates and places of the alleged conduct. As the charges resulted from an ongoing investigation and involved numerous and varied contacts, we find that the misbehavior report adequately apprised petitioner of the charges against him and provided sufficient information to allow him to prepare a defense (see Matter of Eugenio v Fischer, 112 AD3d 1017, 1017 [2013]; Matter of Rosa v Fischer, 112 AD3d 1009, 1010 [2013]; Matter of Meachem v Fischer, 108 AD3d 973, 974 [2013]). We also reject petitioner’s contention that he was impermissibly denied the right to call the prison superintendent as a witness, inasmuch as the requested testimony would have been irrelevant to the charges (see Matter of Hines v Prack, 109 AD3d 1031, 1032 [2013]; Matter of Hinton v Fischer, 108 AD3d 1000, 1002 [2013]).
Turning to the merits, the misbehavior report and the *978 testimony of the investigating correction officer, both at the hearing and confidentially, provide substantial evidence to support the finding of guilt with regard to the charge of organizational activity. However, as respondent concedes, the record is insufficient to sustain a finding of guilt with regard to the charge of making threats of violence and, as such, the determination must be annulled to that extent and, because a loss of good time was recommended, we remit for a redetermination of the penalty assessed (see Matter of Meachem v Fischer, 108 AD3d at 974). Petitioner’s remaining contentions have been examined and are either unpreserved or lack merit.
Lahtinen, J.E, Stein, Garry and Rose, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of making threats of violence and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references to this charge from petitioner’s institutional record and matter remitted to respondent for an administrative redetermination of the penalty on the remaining violation; and, as so modified, confirmed.