Lahtinen, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.
Petitioner was originally charged in a misbehavior report with gang activity, violent conduct and creating a disturbance. Following an August 2012 tier III prison disciplinary hearing, he was found guilty of gang activity, but not guilty of the remaining two charges. Upon petitioner’s administrative appeal of the remaining charge of gang activity, the determination was reversed and a rehearing ordered. Following the November 2012 rehearing, petitioner was found guilty of the three charges originally contained in the misbehavior report, including the ones that were dismissed following the first hearing. That determination was affirmed on administrative appeal, prompting the commencement of this CPLR article 78 proceeding.
Initially, we conclude that the determination finding petitioner guilty of gang activity is supported by substantial Evidence in the record consisting of the misbehavior report, the confidential proof and the testimony at the hearing (see Matter of Meachem v Fischer, 108 AD3d 973, 974 [2013]). Contrary to petitioner’s argument, the record reveals that there was a sufficient basis for the Hearing Officer to make a credibility assessment of the confidential information with respect to that charge (see Matter of Walker v Fischer, 113 AD3d 977, 977 [2014]). Moreover, “we *1301 find that any deficiency in petitioner’s employee assistant was cured by the Hearing Officer’s diligent efforts, and petitioner has demonstrated no prejudice” (Matter of Shepherd v Fischer, 111 AD3d 1213, 1214 [2013], lv denied 22 NY3d 864 [2014]).
Turning to the remaining charges of guilt, respondent concedes and we agree that because petitioner was found not guilty of the charges of violent conduct and creating a disturbance at the original hearing, the later findings of guilt following the rehearing were improper and cannot be sustained. Specifically, inasmuch as the evidence with respect to the dismissed charges was found to be insufficient in the August 2012 hearing and the Department of Corrections and Community Supervision had a full opportunity to prove its case against petitioner with respect to those charges at that time, it was improper for the Department to take a second opportunity to present those charges at the rehearing (see Matter of Hartje v Coughlin, 70 NY2d 866, 868 [1987]).* Accordingly, these charges must be expunged from petitioner’s institutional record and “because a loss of good time was imposed, the matter must be remitted for a redetermination of the penalty [on the remaining sustained charge of gang activity]” (Matter of Rosa v Fischer, 112 AD3d 1009, 1011 [2013], lv denied 22 NY3d 864 [2014]).
Peters, EJ., Garry and Rose, JJ., concur.
Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of creating a disturbance and violent conduct and imposed a penalty; petition granted to that extent, the Commissioner of Corrections and Community Supervision is directed to expunge all references to these charges from petitioner’s institutional record, and matter remitted to the Commissioner for an administrative redetermination of the penalty imposed on the remaining violation; and, as so modified, confirmed.

 We note that, in this Court’s decision in Matter of Love v Prack (89 AD3d 1307 [2011]), the petitioner therein did not challenge the re-presentation of the dismissed charges in the rehearing. Accordingly, Love should not be construed as impliedly approving the revival of dismissed charges in cases where a rehearing is ordered following an inmate’s administrative appeal of any sustained charges.