*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 11, 2014                517989
_____

In the Matter of MICHAEL L.
    WILSON,
                    Petitioner,

        v                                   MEMORANDUM AND JUDGMENT

BRIAN FISCHER, as Commissioner
    of Corrections and
    Community Supervision,
                    Respondent.
_____

Calendar Date:  August 4, 2014

Before:  Peters, P.J., Stein, Rose, Egan Jr. and Lynch, JJ.

_____

        Michael L. Wilson, Ossining, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

        Following a tier III disciplinary hearing, petitioner was found guilty of threatening another inmate.  The determination was affirmed upon administrative appeal with a modified penalty, and this CPLR article 78 proceeding ensued.

        We confirm.  Initially, we reject petitioner's contention that the misbehavior report failed to provide him with sufficient notice of the charge against him due to a lack of specific times, dates and places of the alleged conduct.  Inasmuch as the charge

resulted from an investigation involving several contacts between petitioner and the victim, we conclude that the misbehavior report contained sufficient information to adequately apprise petitioner of the charge against him in order to enable him to prepare a defense (see Matter of Williams v Fischer, 114 AD3d 977, 977 [2014], lv denied 23 NY3d 903 [2014]; Matter of Eugenio v Fischer, 112 AD3d 1017, 1017 [2013], lv denied 22 NY3d 863 [2014]).  We also reject petitioner's contention that he impermissibly was denied the right to call a certain witness, as the requested witness was not present during the incidents that gave rise to the charge and, therefore, could not provide relevant testimony (see Matter of Boyd v Fischer, 108 AD3d 995, 996 [2013]; Matter of Blackwell v Fischer, 106 AD3d 1346, 1346 [2013]).

Turning to the merits, the misbehavior report, the hearing testimony of the victim and both the in camera and hearing testimony of the correction officer who investigated the incident and authored the misbehavior report provide substantial evidence supporting the determination of guilt (see Matter of Hardy v Smith, 87 AD3d 779, 780 [2011]; Matter of France v Bezio, 78 AD3d 1357, 1357 [2010]).  Petitioner's denial of the charge presented a credibility issue for the Hearing Officer to resolve (see Matter of Ford v Prack, 101 AD3d 1276, 1277 [2012]). Petitioner's remaining claims have been considered and found to be without merit.

Peters, P.J., Stein, Rose, Egan Jr. and Lynch, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court