*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 25, 2014                517339
_____

In the Matter of RONNIE
    LaMOUNTAIN,
                        Petitioner,

            v                              MEMORANDUM AND JUDGMENT

BRIAN FISCHER, as Commissioner
    of Corrections and Community
    Supervision,
                        Respondent.
_____

Calendar Date:  August 4, 2014

Before:  Peters, P.J., Stein, Egan Jr., Lynch and Devine, JJ.

                    _____

        Ronnie LaMountain, Woodbourne, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.

                    _____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent which found petitioner
guilty of violating certain prison disciplinary rules.

        Petitioner, a prison inmate, was charged in misbehavior
report with committing an unhygienic act, providing a false
statement and violating urinalysis testing procedures after a
correction officer observed him urinating into a plastic bottle
and then stated, upon the officer's inquiry, that the bottle
contained water.  Following a tier III disciplinary hearing, he
was found guilty of committing an unhygienic act and providing a
false statement, and that determination was affirmed
administratively.  Petitioner thereafter commenced this CPLR

article 78 proceeding.

We confirm.  The misbehavior report, along with the testimony of the correction officer who authored the report and the photograph of the bottle, provide substantial evidence to support the determination (see Matter of Byrd v Fischer, 117 AD3d 1263, 1263 [2014]; Matter of Kalonji v Fischer, 102 AD3d 1041, 1042 [2013]).  The alleged inconsistencies in the misbehavior report and the contrary testimony of petitioner's witnesses raised credibility issues to be resolved by the Hearing Officer (see Matter of Howard v Fischer, 117 AD3d 1253, 1254 [2014], lv denied ___ NY3d ___ [Sept. 16, 2014]; Matter of Aguirre v Fischer, 111 AD3d 1219, 1220 [2013]).

Turning to petitioner's procedural contentions, the detailed misbehavior report was sufficient to put him on notice of the charges and enable him to prepare a defense (see Matter of Adams v Fischer, 116 AD3d 1269, 1270 [2014]; Matter of Quezada v Fischer, 113 AD3d 1004, 1004 [2014]).  Further, the record demonstrates that any alleged defects in his prehearing assistance was remedied by the Hearing Officer (see Matter of Scott v Prack, 117 AD3d 1300, 1300-1301 [2014]; Matter of Huggins v Noeth, 106 AD3d 1351, 1352 [2013]).  Finally, the finding of guilt was based upon the evidence presented at the hearing, rather than any alleged hearing officer bias (see Matter of Williams v Fischer, 111 AD3d 1001, 1001 [2013]; Matter of Fero v Prack, 110 AD3d 1128, 1129 [2013]).  Petitioner's remaining contentions are either unpreserved or without merit.

Peters, P.J., Stein, Egan Jr., Lynch and Devine, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court