*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    September 25, 2014                     518324
_____

In the Matter of DAVID A.
    BROWN,
                            Petitioner,

        v
                                            MEMORANDUM AND JUDGMENT
BRIAN FISCHER, as Commissioner
    of Corrections and Community
    Supervision,
                            Respondent.
_____

Calendar Date:   August 4, 2014

Before:   Lahtinen, J.P., Garry, Rose, Egan Jr. and Lynch, JJ.

                        _____


        David A. Brown, Rochester, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.

                        _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent which found petitioner
guilty of violating certain prison disciplinary rules.

        Petitioner commenced this CPLR article 78 proceeding
challenging a tier III disciplinary determination finding him
guilty of harassment and making false statements.  The charges
stemmed from an investigation into two grievances, which revealed
that petitioner, who submitted a grievance against a correction
officer, also wrote a second grievance against that same officer
on behalf of another inmate — apparently in retaliation for that
correction officer issuing a misbehavior report against
petitioner.  The misbehavior report, supporting documents and

hearing testimony provide substantial evidence to support the determination of guilt (see Matter of Logan v Fischer, 109 AD3d 1043, 1043 [2013], lv denied 22 NY3d 856 [2013]; Matter of Kalonji v Fischer, 102 AD3d 1041, 1042 [2013]).  To the extent that petitioner alleges bias on the part of the Hearing Officer, the record does not support this contention, nor does it indicate that the determination flowed from any alleged bias (see Matter of Hines v Prack, 109 AD3d 1031, 1032 [2013]).  Furthermore, any challenge to procedural irregularities in connection with any loss of good time is rendered moot by petitioner's conditional release (see Matter of Walker v Senkowski, 260 AD2d 830, 831 [1999]; see also Matter of Demarta v Prack, 85 AD3d 1475, 1476 [2011]).  Any additional arguments that petitioner attempts to advance on this appeal fail to comply with the mandates set forth in CPLR 5528 and, therefore, escape any meaningful appellate review (see Matter of Rizzuto v Goord, 35 AD3d 1075, 1076 [2006]).

Lahtinen, J.P., Garry, Rose, Egan Jr. and Lynch, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court