Froceeding pursuant to CFLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
*1509 Petitioner, a prison inmate, was charged in misbehavior report with committing an unhygienic act, providing a false statement and violating urinalysis testing procedures after a correction officer observed him urinating into a plastic bottle and then stated, upon the officer’s inquiry, that the bottle contained water. Following a tier III disciplinary hearing, he was found guilty of committing an unhygienic act and providing a false statement, and that determination was affirmed administratively. Petitioner thereafter commenced this CPLR article 78 proceeding.
We confirm. The misbehavior report, along with the testimony of the correction officer who authored the report and the photograph of the bottle, provide substantial evidence to support the determination (see Matter of Byrd v Fischer, 117 AD3d 1263, 1263 [2014]; Matter of Kalonji v Fischer, 102 AD3d 1041, 1042 [2013]). The alleged inconsistencies in the misbehavior report and the contrary testimony of petitioner’s witnesses raised credibility issues to be resolved by the Hearing Officer (see Matter of Howard v Fischer, 117 AD3d 1253, 1254 [2014], lv denied 24 NY3d 903 [2014]; Matter of Aguirre v Fischer, 111 AD3d 1219, 1220 [2013]).
Turning to petitioner’s procedural contentions, the detailed misbehavior report was sufficient to put him on notice of the charges and enable him to prepare a defense (see Matter of Adams v Fischer, 116 AD3d 1269, 1270 [2014]; Matter of Quezada v Fischer, 113 AD3d 1004, 1004 [2014]). Further, the record demonstrates that any alleged defects in his prehearing assistance was remedied by the Hearing Officer (see Matter of Scott v Prack, 117 AD3d 1300, 1300-1301 [2014]; Matter of Huggins v Noeth, 106 AD3d 1351, 1352 [2013]). Finally, the finding of guilt was based upon the evidence presented at the hearing, rather than any alleged hearing officer bias (see Matter of Williams v Fischer, 111 AD3d 1001, 1001 [2013]; Matter of Fero v Prack, 110 AD3d 1128, 1129 [2013]). Petitioner’s remaining contentions are either unpreserved or without merit.
Peters, PJ., Stein, Egan Jr., Lynch and Devine, JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.