*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    April 9, 2015                    519363
_____

In the Matter of HENRY HOBSON,
                    Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
    et al.,
                    Respondents.
_____

Calendar Date:   February 24, 2015

Before:   Lahtinen, J.P., Garry, Devine and Clark, JJ.

_____

        Henry Hobson, Coxsackie, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondents.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Greene County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

        Petitioner was a member of the Inmate Liaison Committee and, at a committee meeting, raised an issue regarding alleged inmate abuse by staff.  After an inflammatory and unauthorized memorandum addressing the same issue was posted throughout the prison, petitioner was charged in a misbehavior report with engaging in actions detrimental to the facility and making an unauthorized address.  At the conclusion of a tier III disciplinary hearing, petitioner was found guilty as charged.

The determination was upheld on administrative appeal, and this CPLR article 78 proceeding ensued.

Addressing petitioner's procedural contentions first, "the charges resulted from an ongoing investigation and involved numerous and varied contacts, [and] we find that the misbehavior report adequately apprised petitioner of the charges against him and provided sufficient information to allow him to prepare a defense" (Matter of Williams v Fischer, 114 AD3d 977, 977 [2014], lv denied 23 NY3d 903 [2014]; see Matter of Wilson v Fischer, 120 AD3d 1477, 1478 [2014]). The record further establishes that any defects in his prehearing assistance were remedied by the Hearing Officer (see Matter of LaMountain v Fischer, 120 AD3d 1508, 1509 [2014]; Matter of Scott v Prack, 117 AD3d 1300, 1300-1301 [2014]).

Turning to the merits, the charge of engaging in behavior detrimental to the order of the facility is supported by substantial evidence in the record, including the misbehavior report, hearing testimony and confidential evidence (see Matter of Meachem v Fischer, 108 AD3d 973, 974 [2013]). Contrary to petitioner's contention, the Hearing Officer properly assessed the credibility and reliability of the confidential information (see Matter of Williams v Fischer, 18 NY3d 888, 890 [2012]; Matter of Grate v Annucci, 122 AD3d 1053, 1054 [2014]). Respondents correctly concede that the charge of making an unauthorized address is not supported by substantial evidence but, because petitioner has already served the penalty and no loss of good time was recommended, remittal for redetermination of the penalty is unnecessary (see Matter of Garcia v Garner, 122 AD3d 988, 989 [2014]).

Lahtinen, J.P., Garry, Devine and Clark, JJ., concur.

ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of making an unauthorized address; petition granted to that extent and the Commissioner of Corrections and Community Supervision is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court